GLD-089                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4284

_____

IN RE: MICHAEL R. SHEMONSKY,
                                     Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-01085)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2012

Before:  FUENTES, GREENAWAY, JR., AND STAPLETON, Circuit Judges

(Opinion filed: January 31, 2012)

_____

OPINION

_____

PER CURIAM

Michael Shemonsky appeals the District Court's order affirming the Bankruptcy

Court's order closing his bankruptcy case.  We will dismiss the appeal as frivolous.

In 1994, Shemonsky filed a bankruptcy petition.  The Bankruptcy Court closed the

case in February 1995.  In January 2010, Shemonsky filed a motion to reopen the case.

He sought to list assets he had not originally listed in his petition.  Shemonsky contended

1

that he was entitled to a salary and bonds from Atlantic Financial. The Bankruptcy Court reopened the case. On April 14, 2011, after further pleadings and hearings, the Bankruptcy Court closed the case. Shemonsky filed a notice of appeal to the District Court from the Bankruptcy Court's April 14, 2011, order. After the District Court affirmed the Bankruptcy Court's order, Shemonsky filed a motion for reconsideration. The District Court denied the motion for reconsideration, and Shemonsky filed a notice of appeal.

Because Shemonsky is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Shemonsky has been claiming to be owed money related to Atlantic Financial for over twenty years. His efforts have been unsuccessful. Shemonsky's claims relating to Atlantic Financial were dismissed by the District Court for the Middle District of Pennsylvania in 1990 in Shemonsky v. Office of Thrift Supervision, 733 F. Supp. 892 (M.D. Pa.), aff'd 922 F. 2d 833 (3d Cir. 1990). On September 10, 1991, the District Court for the Eastern District of Pennsylvania enjoined Shemonsky from representing that he was an agent of Atlantic Financial, from entering the property, and from communicating any threat to any agent of Atlantic Financial. On February 18, 2003, the District Court for the Middle District of Pennsylvania enjoined Shemonsky from filing

2

any further pleadings related to his claims concerning Atlantic Financial.  In affirming

that order, we noted:

> Since [1990], Shemonsky has filed at least ten lawsuits in the Middle
> District, and has also filed suits in the United States District Court for the
> Eastern District of Pennsylvania, related to the Atlantic Financial claims,
> and/or his 1994 arrest. Shemonsky has also initiated more than thirty
> proceedings in this Court. There is no doubt that the series of meritless
> lawsuits filed by Shemonsky shows an abuse of the court system that,
> because it is likely to continue, warrants some restriction on his litigating
> opportunities.

See Shemonsky v. United States, C.A. No. 03-1848.

The Bankruptcy Court concluded that Atlantic Financial, as a savings and loan

institution, could not receive bankruptcy relief.  We need not reach the issue of whether

Atlantic Financial may be a bankruptcy debtor.  It has already been determined that

Shemonsky may not represent himself as an agent of Atlantic Financial.  Thus he may not

file pleadings on its behalf.  To the extent that Shemonsky is claiming that he or his

bankruptcy estate is entitled to funds from Atlantic Financial, these claims are without

merit as we have previously held.

Shemonsky has wasted the resources of the courts of this Circuit with frivolous

litigation over Atlantic Financial for over twenty years.  We warn him that initiating or

continuing litigation in the courts of this Circuit, including the Bankruptcy Court,

regarding Atlantic Financial may result in monetary sanctions and additional filing

injunctions.

3

For the above reasons, we dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Shemonsky's request that we transfer the appeal to the United States Court of Appeals for the Fourth Circuit is denied.